

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-21-2007

# Guerrero v. Triangle Constr

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3593

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Guerrero v. Triangle Constr" (2007). *2007 Decisions.* Paper 18.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/18

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No:  06-3593

LEONTE GUERRERO

v.

HOVENSA LLC

(D.C. No. 02-CV-00151)

LEONTE GUERRERO;

v.

TRIANGLE CONSTRUCTION AND MAINTENANCE, INC.

(D.C. No. 03-CV-00205)

Leonte Guerrero,
Appellant

On Appeal from the District Court of the Virgin Islands
District Court Nos.  02-CV-151 and 03-CV-205
District Judge: The Honorable Raymond Finch, III

Argued December 10, 2007

Before: SMITH, NYGAARD, and ROTH, *Circuit Judges*

(Filed: December 21, 2007)

K. Glenda Cameron (Argued)
Law Office of Rohn & Cameron
1101 King Street, Suite 2
Christiansted, St. Croix
U.S. Virgin Islands, 00820
*Counsel for Appellant*

Charles E. Engeman (Argued)
Ogletree, Deakins, Nash, Smoak & Stewart
1336 Beltjen Road, Suite 201
Charlotte Amalie, St. Thomas
U.S. Virgin Islands, 00802
*Counsel for Triangle Construction*

Linda J. Blair (Argued)
Bryant, Barnes, Moss & Beckstedt
1134 King Street, 2nd Floor
Christiansted, St. Croix
U.S. Virgin Islands, 00820
*Counsel for Hovensa LLC*

---

OPINION

---

SMITH, *Circuit Judge*.

The complicated facts and procedural history in this appeal are attributable in large part to a lack of attention by appellant's counsel to not only the requirements of federal practice, but also the interests of her clients. The legal issues, however, are relatively straightforward and we conclude, after combing the briefs and record before us, that there

is no basis for disturbing the judgment of the District Court of the Virgin Islands.[1]

## I.

Leonte Guerrero worked since 1990 for various subcontractors at the Hovensa oil refinery located on St. Croix, U.S. Virgin Islands. Beginning in July 2001, Guerrero was employed by Triangle Construction and Maintenance, Inc. ("Triangle"), another Hovensa subcontractor. On March 18, 2002, Triangle and Our Virgin Islands Labor Union ("OVILU") agreed to the terms of a collective bargaining agreement ("CBA") with a three year term. Among other things, the CBA allowed Triangle to submit its employees to a written examination. The CBA provided:

Baseline Safety Assessment The parties recognize that maintenance of a

---

[1] The question of whether the District Court had jurisdiction under 28 U.S.C. § 1446 is addressed below as it involves the merits of Guerrero's territorial claims. We exercise appellate jurisdiction over Guerrero's appeal under 28 U.S.C. § 1291. Appellate jurisdiction is lacking with respect to Hovensa as Guerrero's claims against Hovensa are not final and Guerrero has not challenged the order remanding his claims to the Territorial Court.

As the parties are well aware, an amended complaint in this action added as plaintiffs "Theophiles Williams, Mathias Mathews, and others too numerous to mention." Because Guerrero's brief repeatedly referred to these putative plaintiffs, Triangle asserted that we lack appellate jurisdiction over any claims by Williams, Mathews and others as they were not identified in the Notice of Appeal. We agree.

The only document filed within the thirty day appeal period was the notice of appeal, which cited the District Court's order granting summary judgment in Triangle's favor as the basis for appeal and identified only Guerrero as the appellant. Because the thirty day appeal period is jurisdictional, *Bowles v. Russell*, 127 S.Ct. 2360, 2366 (2007), we lack jurisdiction over the appeals of Williams and Mathews as the subsequent documentation filed with the court, assuming it was the functional equivalent of a notice of appeal that satisfied the specificity requirement of Appellate Rule 3, was untimely.

safe workplace is essential. The Company shall have the right to test employees' understanding of basic safe work practices and procedures and reading and understanding safety signs and markings, directly or through a third party. Such test may be by written examination. If deemed appropriate by the Company, an employee may be permitted to have this test read to him verbatim and his answers recorded for him. The employee must, as a condition of employment, attain a passing grade (as established by the Company) on this test. If an employee has already passed this test he/she shall not be required to retest.

Guerrero failed his test in July 2002 and was terminated on August 2, 2002. The record does not contain documentation as to whether Guerrero or the OVILU filed a grievance regarding his termination. Section 6.4 of the CBA provided, however, that

Test administration and test results as well as position assignments as a result of this Article shall be subject to the grievance procedure. It is expressly understood and agreed that the actual test(s), and information concerning the test(s), are strictly confidential and will not be copied or provided in any manner that could in the opinion of the Company compromise the integrity of the test(s).

On September 18, 2002, Guerrero's attorney, Lee Rohn, filed a complaint in the Territorial Court of the Virgin Islands against Triangle and Hovensa. The complaint averred that Guerrero was ordered to take the test, that the test was discriminatory because it was only available in English and he only read Spanish, that he failed the test, and that he was discharged as a result of the discriminatory test. Guerrero claimed that all of Triangle's employment decisions were made or approved by Hovensa. The complaint asserted that Guerrero's termination violated both the Virgin Islands' Wrongful Discharge Act ("WDA"), 24 V.I.C. § 76(a), and the implied contractual duty of good faith and fair dealing. An amended complaint dated October 3, 2002 followed. It set out four counts

4

against Triangle and Hovensa: (1) wrongful discharge; (2) a violation of the duty of good faith and fair dealing; (3) fraud; and (4) intentional infliction of emotional distress ("IIED").

On October 15, 2002, Triangle removed this action to the District Court for the Virgin Islands pursuant to 28 U.S.C. § 1446 and 48 U.S.C. § 1613. Because Triangle had yet to be served with the amended complaint, it appended only the initial complaint to its Notice of Removal. In its Notice, Triangle explained that the District Court had original jurisdiction over this matter because Guerrero's claims for wrongful discharge and breach of the implied duty of good faith and fair dealing were completely preempted by § 301 of the Labor Management Relations Act ("LMRA").[2]

Thereafter, Guerrero moved to remand the action to the Territorial Court. Triangle opposed the motion and filed a motion to dismiss Guerrero's original complaint. The District Court denied the motion to remand on the basis that federal question jurisdiction existed because Guerrero's claims were completely preempted by § 301 of the LMRA. Several months later, the District Court granted Triangle's motion to dismiss on

---

[2] Section 301 provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties . . . .

29 U.S.C. § 185.

the same basis. The claims against Hovensa were not completely preempted as Hovensa was not a party to the CBA.

In October of 2003, Guerrero filed a second civil action in the Territorial Court against only Triangle. This 2003 complaint listed only Guerrero as the plaintiff, and averred essentially the same set of facts as those in the complaint in the 2002 civil action. Like the amended complaint in the earlier civil action, this 2003 complaint presented the same four territorial counts: (1) wrongful discharge; (2) violation of the duty of good faith and fair dealing; (3) fraud; and (4) intentional infliction of emotional distress.

Not surprisingly, Triangle again timely removed these territorial claims to the District Court. In response, Guerrero acknowledged that "removal is appropriate" and asserted that the action could "be maintained in the District Court because the Complaint states a cause of action under Section 301." Simultaneously, Guerrero filed an amended complaint, which asserted the same four territorial claims and included a new count, which alleged a violation of § 301 of the LMRA. This action was consolidated with the earlier action.

Triangle moved to dismiss Guerrero's amended complaint in the 2003 action. By court order dated April 27, 2005, the District Court converted the motion to dismiss to a motion for summary judgment. More than a year later, on June 22, 2006, the District Court granted summary judgment in Triangle's favor. The Court concluded that Guerrero's § 301 claim failed for lack of standing "[b]ecause Guerrero does not allege

that OVILU breached its duty of fair representation . . . ." The Court also determined that the territorial claims for wrongful discharge, breach of the duty of good faith and fair dealing, fraud, and IIED were completely preempted by § 301.

On July 24, 2006, a Notice of Appeal was filed. Guerrero contends that the District Court erred by denying his motion to remand his initial complaint in the 2002 civil action because his territorial claims were not preempted. He also asserts that the District Court improperly granted summary judgment on his § 301 claim and the territorial causes of action asserted in the second civil action.[3]

## II.

Even though Guerrero acknowledged in the District Court that the territorial claims in his second civil action were completely preempted, he now challenges not only the propriety of the District Court's order denying the motion to remand but also the ruling that the territorial claims were completely preempted.[4] In *Allis-Chalmers Corporation v. Lueck*, 471 U.S. 202 (1985), the Supreme Court considered the standard to

---

[3] Guerrero also challenged the propriety of a ruling by the magistrate judge striking his counsel's notice to correct the caption in the earlier civil action to include Williams, Mathews, and "others too numerous to mention." We need not address that issue inasmuch as we lack appellate jurisdiction over those individuals.

[4] We are mindful of Triangle's assertion that Guerrero waived his right to challenge the District Court's ruling denying remand in that he later acknowledged that removal was appropriate because his allegations stated a claim under § 301. Inasmuch as the determination of whether these claims were completely preempted also establishes the District Court's subject matter jurisdiction, we are obliged to review the issue. Because the determination that Guerrero's claims were completely preempted presents a question of law, our review is de novo. *In re U.S. Healthcare*, 193 F.3d 151, 159 (3d Cir. 1999).

7

be employed in determining whether a state law claim was completely preempted by §
301 of the LMRA. The Court acknowledged that it was not holding that "every state-law
suit asserting a right that relates in some way to a provision in a collective-bargaining
agreement, or more generally to the parties to such an agreement, necessarily is pre-
empted by § 301." *Id.* at 220. It instructed, however, that the preemptive scope of § 301
must be "fleshed out on a case by case basis" and held that "when resolution of a state-
law claim is substantially dependent upon analysis of the terms of an agreement made
between the parties in a labor contract, that claim must either be treated as a § 301 claim,
or dismissed as pre-empted by federal labor-contract law." *Id.* (citation omitted). In
*Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987), the Supreme Court reiterated this
standard, declaring that "[s]ection 301 governs claims founded directly on rights created
by collective-bargaining agreements, and also claims 'substantially dependent on analysis
of a collective-bargaining agreement.'" *Id.* at 394 (citation omitted). The inquiry,
therefore, must focus on whether the state law claim "can be resolved without interpreting
the agreement itself[.]" *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 410
(1988). If so, "the claim is 'independent' of the agreement for § 301 pre-emption
purposes." *Id.*

Consistent with this standard, we must consider the nature of Guerrero's claim that
Triangle violated the Virgin Islands' WDA. The WDA allows an employee to sue for
wrongful discharge if he has been discharged for any reason other than the nine grounds

8

set forth in § 76(a). 24 V.I.C. § 76(a). Section 76(a), however, provides that these nine grounds for dismissal may be modified by union contract. To discern whether the WDA's statutory grounds have been modified requires more than mere consultation of the CBA. Instead, we must interpret whether the provisions of the CBA regarding employee testing create a new ground for discharge. Because this analysis requires interpretation of the CBA, Guerrero's WDA claim is completely preempted. *Lingle*, 486 U.S. at 413.

Guerrero's second claim is also completely preempted as it alleged that there was a "violation of the implied *contractual* duty of good faith and fair dealing." Whether there is an "implied *contractual* duty," will necessarily require an analysis of the terms of the CBA to determine if the contract as a whole obliges the employer to act with good faith and fair dealing. *See Allis Chalmers Corp.*, 471 U.S. at 218 (observing that liability for breach of a contractual duty of good faith "inevitably will involve contract interpretation").

Guerrero's claims for fraud and IIED are based on the facts surrounding the testing requirement, the manner in which the test was administered, Guerrero's failure to pass the test, and his ultimate discharge. The testing requirement and the necessity of passing are matters specifically addressed in the CBA. Thus, resolving whether there was fraud or an IIED in the testing and discharge of Guerrero would substantially depend on the analysis of these provisions in the CBA. *Allis-Chalmers*, 471 U.S. at 220. Inasmuch as the heart

9

of these state law claims is the testing that occurred, and the heart of Triangle's defense is the CBA's testing provisions, we conclude that Guerrero's claims alleging fraud and IIED arise under federal law and are completely preempted. *Caterpillar*, 482 U.S. at 394 (citation omitted).

We are mindful of our precedent in *Berda v. CBS Inc.*, 881 F.2d 20, 27 (3d Cir. 1989), and *Trans Penn Wax Corporation v. McCandless*, 50 F.3d 217, 232 (3d Cir. 1995), which determined that state law claims alleging fraud and IIED were independent from the CBAs in those cases and not completely preempted by § 301. *Berda* and *Trans Penn Wax* are not controlling, however, as the state law claims in both of those cases were based on agreements which were separate and distinct from the governing CBAs. *Berda*, *supra* (concerning state tort claim based on oral guarantee of employment); *Trans Penn Wax*, *supra* (concerning state tort claims of fraud and IIED based on written guarantee given immediately before decertification vote).

Accordingly, we find no error in the District Court's determination that Guerrero's territorial claims were completely preempted. As a result, the District Court's denial of Guerrero's motion to remand in the 2002 civil action and its grant of summary judgment in favor of Triangle were not incorrect.

### III.

Guerrero contends that the District Court erred by granting summary judgment in

Triangle's favor on his § 301 claim.[5]  We disagree.  In *Delcostello v. International Brotherhood of Teamsters*, 462 U.S. 151 (1983), the Supreme Court instructed that in a hybrid § 301 claim against one's employer and the union, "[t]he employee may, if he chooses, sue one defendant and not the other; but the case he must *prove* is the same whether he sues one, the other, or both."  *Id.* at 165 (emphasis added).  Thus, to prevail on a § 301 claim, an employee "must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union." *Id.* (internal quotation marks and citation omitted); *see also Breininger v. Sheet Metal Wkrs. Int'l Ass'n Local Union No. 6*, 493 U.S. 67, 82 (1989) (instructing that an employee's § 301 claim against his employer requires demonstrating that the union breached its duty of fair representation); *Vadino v. A. Valey Eng'rs*, 903 F.2d 253, 261 (3d Cir. 1990) (observing that an "unfair representation claim is the necessary 'condition precedent' to the employee's suit" under § 301 against his employer).

Guerrero's brief in the District Court stated that he "did not allege a breach of the duty of fair representation by OVILU because there was no such breach."  App. 213.  If there was no such breach, then Guerrero could not prove an essential element of his claim and the grant of summary judgment was proper.

---

[5] "We exercise plenary review over the District Court's grant of summary judgment" and "apply the same standard that the District Court should have applied." *Shuman ex rel Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 146 (3d Cir. 2005) (internal citation and quotation marks omitted).

IV.

In sum, Guerrero's territorial claims were completely preempted by § 301 of the LMRA. As a result, the District Court did not err by denying Guerrero's motion to remand the initial complaint, or by granting the motion for summary judgment on the territorial claims in Triangle's favor. The dismissal of the § 301 claim was also proper in light of the fact that Guerrero failed to adduce proof of an essential element of his § 301 claim. Accordingly, we will affirm the judgment of the District Court.[6]

---

[6]As the parties know, Triangle and Hovensa moved in the District Court to disqualify Guerrero's counsel, Lee Rohn, because of her simultaneous representation of not only the OVILU, but also Triangle's former director of human resources. The magistrate judge recognized the conflict and granted the second motion to disqualify. The District Judge reversed and allowed Rohn to continue her representation of Guerrero because of Guerrero's written consent. In our view, the conflict was patent and counsel's simultaneous representation of these parties was not the result of an oversight. We are at a loss to understand how Attorney Rohn could assert, or the District Judge could find, that Guerrero's consent to Rohn's representation of others with interests adverse to him was informed in light of the circumstances of this case.