1998 ME 86

**Daniel M. SEARWAY, Sr.**

v.

**Charles M. RAINEY.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 22, 1998.

Decided April 29, 1998.

Marvin H. Glazier, Vafiades, Brountas, & Kominsky, Bangor, for plaintiff.

Elizabeth J. Wyman, Preti, Flaherty, Beliveau & Pachios, L.L.C., Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

ROBERTS, Justice.

[¶ 1] Daniel M. Searway, Sr., appeals from the judgment entered in the Superior Court (Penobscot County, *Mead, J.*) affirming the grant of a summary judgment by the District Court (Bangor, *Russell, J.*) in favor of Charles M. Rainey on Searway's complaint for assault and battery. Searway contends that, even though his injury occurred in the course of and arose out of his employment, his claim is not barred by the exclusivity and

1. 39–A M.R.S.A. § 104 (Supp.1997) provides in relevant part:

An employer who has secured the payment of compensation in conformity with sections 401 to 407 is exempt from civil actions, either at common law or under sections 901 to 908; Title 14, sections 8101 to 8118; and Title 18–A, section 2–804, involving personal injuries sustained by an employee arising out of and in the course of employment, or for death resulting from those injuries.

39–A M.R.S.A. § 408 (Supp.1997) provides in relevant part:

immunity provisions of the Maine Workers' Compensation Act because he was injured as a result of the intentional act of his employer. We affirm the judgment.

[¶ 2] Searway was assaulted by his employer, Rainey, on the job site during an argument concerning back pay. Searway filed a civil action against Rainey in the District Court alleging both physical and emotional damages, as well as loss of earnings. He did not file a claim for workers' compensation. The District Court, finding that the claims were barred by the exclusivity and immunity provisions of the Act, 39–A M.R.S.A. §§ 104 and 408 (Supp.1997),[1] granted Rainey's motion for a summary judgment. On appeal, the Superior Court affirmed the judgment of the District Court.

[¶ 3] As we made clear in *Li v. C.N. Brown Co.*, 645 A.2d 606 (Me.1994), even intentional torts fall within the exclusivity and immunity provisions of the Act. In *Li* we addressed squarely the contention that employers should not be protected by the exclusivity and immunity provisions of the Act, but rather should "be held liable for work-related injuries to employees caused by [the employer's] intentional acts." *Id.* at 607. We concluded, "Although narrow intentional tort exceptions to workers' compensation coverage exist in a number of jurisdictions, those exceptions frequently have been created by statutory change, or are based on 'accidental injury' language in workers' compensation statutes.[2] The creation of such an exception in this state is best left to the legislature." *Id.* at 608 (citations omitted).

[¶ 4] Workers' compensation law is uniquely statutory. *Beaulieu v. Maine Medical Center*, 675 A.2d 110, 112 (Me.1996). We

Except as provided in subsection 2 [concerning illegally employed minors], an employee of an employer who has secured the payment of compensation as provided in sections 401 to 407 is deemed to have waived the employee's right of action at common law and under section 104 to recover damages for the injuries sustained by the employee.

2. The Maine Workers' Compensation Act does not require that injuries be accidental to fall within its coverage. *See P.L.1973*, ch. 389 (Legislature deleted the words "by accident" from statute).

have declined on several occasions the invitation to graft common law rules onto that statutory scheme to effect social policy. *See, e.g., Fanion v. McNeal,* 577 A.2d 2 (Me.1990) (refusing to provide compensation beyond that available under the Act to illegally employed minors who were victims of work-related injuries [3]); *American Mut. Ins. Cos. v. Murray,* 420 A.2d 251 (Me.1980) (refusing to judicially create a pay-back provision whereby an insurer could recover benefits improperly paid to an employee who subsequently was determined not to be eligible for those benefits [4]). Having created the statutory scheme, the Legislature is "better equipped to determine the impact of its actions," if it chooses to alter the immunity and exclusivity provisions of the Act. *Beaulieu,* 675 A.2d at 112 (citing *American Mut. Ins. Cos.,* 420 A.2d at 252). Accordingly, we decline to create a judicial exemption to the exclusivity and immunity sections of the Act.

The entry is:

Judgment affirmed.

---

3. The Legislature amended the Act to remove the exemption with respect to illegally employed minors. *See* P.L.1991, ch. 885, § A–8, *codified at* 39–A M.R.S.A. §§ 104, 408(2) (Supp.1997).

4. The Legislature amended the Act to enable employers and insurers in certain instances to recover from employees payments to which the employees were not entitled. *See* P.L.1991, ch. 885, § A–8, *codified at* 39–A M.R.S.A. § 324(1) (Supp.1997).