**KARIM ROBLES, Appellant/Plaintiff**

**v.**

**HOVENSA, L.L.C., Appellee/Defendant**

S. Ct. Civ. No. 2007/28

Supreme Court of the Virgin Islands

June 12, 2008

K. GLENDA CAMERON, ESQ., Rohn & Cameron, LLC, St. Croix, USVI, *Attorney for Appellant*.

C. BETH MOSS, ESQ., Bryant Barnes Moss Beckstedt & Blair, LLP, St. Croix, USVI, *Attorney for Appellee*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(June 12, 2008)

Karim Robles ("Robles") sued his employer, HOVENSA, L.L.C. ("HOVENSA"), alleging that he was injured from exposure to hydrogen sulfide gas in the course of his employment. The Superior Court of the

Virgin Islands dismissed the complaint upon finding that Robles' common law tort claims are barred by the exclusive remedy provision of the Workers' Compensation Act (the "WCA"), title 24, section 284(a) of the Virgin Islands Code. According to the trial court, Robles' complaint failed to state a claim upon which relief could be granted because it did not adequately allege that HOVENSA deliberately and intentionally injured him. Robles appealed, asserting that he did allege intentional wrongdoing under the substantial certainty test which is applied in a minority of American jurisdictions. Under the substantial certainty test, intentional conduct includes situations in which the employer believes that the injury is substantially certain to result. Because we conclude that the substantial certainty test is not applicable in the Virgin Islands, we affirm the decision of the Superior Court.

## I. FACTS AND PROCEDURAL HISTORY

The record shows that Robles was an employee of HOVENSA and worked as an Operator in the Sulfur Unit for four years. According to Robles' complaint, on or about October 6, 2005, the air blower in the unit lost pressure, allegedly due to disrepair and lack of proper maintenance. Robles was instructed to start up the blower, and upon doing so was engulfed and gassed by a large amount of hydrogen sulfide that had accumulated in the blower, causing him to suffer severe injuries. Prior to this incident, Robles allegedly notified HOVENSA that the blower was subject to trap gases because of its design and location, and that the blower could cause severe injuries, but HOVENSA took no action to remedy the problem.

In his complaint, Robles alleged that he "was constantly exposed to H2S and other gases on virtually a daily basis." (J.A. at 10.) More specifically, Robles claimed that HOVENSA "purposely [did] not inform[] its workers in general and [him] in particular of the[] dangers [of exposure to hydrogen sulfide] and rather have falsely represented that low levels of H2S are not dangerous or damaging." (J.A. at 10.) Robles also alleged that HOVENSA "purposely and intentionally failed to require necessary safety equipment to make is [sic] safe for workers to work in the area." (J.A. at 10.) According to Robles, "[t]here was a safety mechanism, an ASD, which would shut down the unit if the air blowers lost pressure but [HOVENSA] intentionally disconnected the safety device." (J.A. at 10.)

HOVENSA did not file an answer to the complaint but, instead, filed a motion to dismiss in lieu of an answer. The Superior Court dismissed Robles' complaint upon finding that he failed to demonstrate that HOVENSA acted with actual, specific and deliberate intent to injure him. According to the court, allegations of specific intent are necessary in order for a tortious injury to fit within the narrow exception to the exclusive remedy provision of the WCA. Robles filed the instant appeal, asserting that HOVENSA knew with substantial certainty that he would be injured and urging this Court to adopt the substantial certainty test for intent which is applied in a minority of jurisdictions.

## II. JURISDICTION AND STANDARD OF REVIEW

■ As a threshold matter, we have jurisdiction over this appeal pursuant to title 4, section 32(a) of the Virgin Islands Code, which vests the Supreme Court with jurisdiction over "all appeals arising from final judgments, final decrees, [and] final orders of the Superior Court." We exercise plenary review over the Superior Court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and apply the same test as the trial court.[1] *Maio v. Aetna, Inc.*, 221 F.3d 472, 481 (3d Cir. 2000). Thus, "[a] motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Id.* at 481-82. (citations omitted). However, although we are required to accept as true all factual allegations in the complaint, we need not "accept as true unsupported conclusions and unwarranted inferences." *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997).

## III. DISCUSSION

On appeal Robles contends that his complaint is not barred by the exclusive remedy provision of the WCA. Robles asserts that his complaint adequately alleges that HOVENSA intentionally injured him and, therefore, falls within the intentional tort exception to the exclusive

---

[1] The Federal Rules of Civil Procedure are applicable in the Superior Court of the Virgin Islands to the extent that the Federal Rules are not inconsistent with either procedural rules promulgated under the Virgin Islands Code or the Rules of the Superior Court. *See* Revised Organic Act § 21(c), 48 U.S.C. §1611(c); SUPER CT. R. 7.

remedy provision of the WCA. Robles also asks this Court to adopt the substantial certainty test for intentional conduct which is applied in a minority of American jurisdictions. Under the substantial certainty test, intentional conduct includes situations in which the employer believes that the injury is substantially certain to result. *Eddy v. V.I. Water and Power Auth.*, 369 F.3d 227, 234 (3d Cir. 2004). HOVENSA contends that Robles failed to adequately plead that his injuries were a result of HOVENSA's conscious design and, therefore, his complaint does not fall within the intentional tort exception to the exclusive remedy provision of the WCA. HOVENSA also contends that there is no reason for this Court to abrogate the current body of Virgin Islands case law and adopt a more expansive exception to the workers' compensation bar through application of the substantial certainty test.

## A. The Exclusive Remedy Provision of the Workers' Compensation Act

■ The Virgin Islands WCA "is designed to provide prompt payment of benefits without regard to fault; and to relieve employers and employees of the burden of civil litigation." *Chinnery v. Gov't of the V.I.*, 865 F.2d 68, 71 (3d Cir. 1989) (citations and punctuation omitted). It creates a trade-off in legal rights. *Wilson v. Asten-Hill Mfg. Co.*, 791 F.2d 30, 32 (3d Cir. 1986) (analyzing the analogous Pennsylvania Workmen's Compensation Act).

> In some instances where he could prove negligence, an employee may receive less compensation than he would recover in damages in a common law suit. In other situations, an employer may have to pay compensation where he would not be liable for any sum at common law. Despite inequities in specific cases, the underlying assumption is that, on the whole, the legislation provides substantial justice.

*Id.* (quoting *Weldon v. Celotex Corp.*, 695 F.2d 67, 70 (3d Cir. 1982)). In order for an injury to be compensable under the WCA, an employee's injury must have "aris[en] out of and in the course of his employment." V.I. CODE ANN. tit. 24, § 252(a). If an employee's injury is compensable under the WCA, the employer is not liable for negligence at common law pursuant to the exclusive remedy provision of the WCA. *Id.*; *see also* 24 V.I.C. § 284(a).

■ HOVENSA's motion to dismiss and the trial court's order granting the motion were predicated on the exclusive remedy provision of the WCA. Under this provision,

> [w]hen an employer is insured under this chapter, the right herein established to obtain compensation shall be the only remedy against the employer; but in case of accident to, or disease or death of, an employee not entitled to compensation under this chapter, the liability of the employer is, and shall continue to be the same as if this chapter did not exist.

*Id.* In order for the exclusive remedy provision to apply, the injuries complained of must "fit within the definition of 'injury' set forth in the statute [as compensable], namely, 'harmful change[s] in the human organism.'" *Eddy*, 369 F.3d at 232 (citations and punctuation omitted). In the instant appeal, it is undisputed that HOVENSA is an employer under title 24, section 284 of the Virgin Islands Code, and that Robles' injuries arose out of and in the course of his employment and resulted in harmful changes to him. "When an employee's injury is compensable under a workers' compensation statute, by reason of exclusive remedy provisions, such as WCA § 284(a), the employer is not liable for negligence at common law." *Chinnery*, 865 F.2d at 71. Accordingly, the exclusive remedy provision of the WCA prohibits Robles from suing HOVENSA unless his claim qualifies as an exception to the provision.

One such exception is for intentional torts. The Third Circuit Court of Appeals has recognized that

> [t]here is . . . an implied exception to the literal application of § 284(a). . . . [R]egardless of the character of the injury, there is an exception to the exclusivity bar for tort suits where the employee can show that "the conduct [of the employer can] be regarded as so egregious as to exceed the bounds of negligence and constitute the sort of intentional wrongdoing necessary to comprise an exception to the exclusive remedy provision of WCA § 284(a)."

*Eddy*, 369 F.3d at 233 (quoting *Chinnery*, 865 F.2d at 72). The court in *Eddy* went on to hold, however, that "the intentional tort exception to the exclusive remedy provision of the WCA is limited to situations in which the employer had an actual, specific and deliberate intention to cause injury." *Eddy*, 369 F.3d at 235.

## B. The Substantial Certainty Test

Notwithstanding the Third Circuit's decision in *Eddy*, Robles asks this court to expand the scope of the intentional tort exception to the exclusive remedy provision of the WCA. Some jurisdictions have adopted a broad approach to the concept of intentional wrong consistent with section 8A of the Restatement (Second) of Torts.[2] Section 8A provides that "[t]he word 'intent' . . . denote[s] that the actor desires to cause consequences of his act, or that he believes that the consequences are substantially certain to result from it." RESTATEMENT (SECOND) OF TORTS § 8A (1965). Under this approach, intentional torts embrace not only an actual, specific, and deliberate intent to harm, but also includes situations in which the employer believes the injury is substantially certain to result. *Eddy*, 369 F.3d at 234. Although the specific intent test is no longer "'almost unanimous'" as observed in *Eddy*,[3] nor applied in "an overwhelming majority of American jurisdictions" as suggested in *Ferris v. V.I. Indus. Gases, Inc.*, 23 V.I. 183, 188 (D.V.I. 1987), it is still the majority rule.[4]

---

[2]  *See Padgett v. Neptune Water Meter Co., Inc.*, 585 So. 2d 900, 902 (Ala. 1991); *Suarez v. Dickmont Plastics Corp.*, 242 Conn. 255, 698 A.2d 838, 851 (1997); *Laidlow v. Hariton Mach. Co., Inc.*, 170 N.J. 602, 790 A.2d 884, 891-92 (2002); *Woodson v. Rowland*, 329 N.C. 330, 407 S.E.2d 222, 228 (1991); *Parret v. UNICCO Serv. Co.*, 2005 OK 54, 127 P.3d 572, 578-79 (2005); *Fryer v. Kranz*, 2000 SD 125, 616 N.W.2d 102, 105 (2000); *Rodriguez v. Naylor Indus., Inc.*, 763 S.W.2d 411, 412 (Tex. 1989); *Thornhill v. Black, Sivalls & Bryson, Inc.*, 391 So. 2d 1256, 1258 (La. Ct. App. 1980) (applied a conjunctive substantial certainty test where employer ("must have entertained a desire to bring about the result which followed and he should have believed that the result was substantially certain to follow"); *Speck v. Union Elec. Co.*, 741 S.W.2d 280, 283 (Mo. Ct. App. 1987); *Sinea v. Denman Tire Corp.*, 135 Ohio App. 3d 44, 732 N.E.2d 1033, 1042 (1999); *Feraci v. Grundy Marine Constr. Co.*, 315 F. Supp. 2d 1197, 1205 (N.D. Fla. 2004).

[3]  369 F.3d at 235 (quoting 2A Arthur Larson, *Workmen's Compensation Law* § 103.03 (1986)).

[4]  *See Christensen v. NCH Corp.*, 956 P.2d 468, 475 (Alaska 1998); *Sontag v. Orbit Valve Co., Inc.*, 283 Ark. 191, 672 S.W.2d 50, 51 (1984); *Rafferty v. Hartman Walsh Painting Co.*, 760 A.2d 157, 159-60 (Del. 2000); *Grillo v. Nat'l Bank of Wash.*, 540 A.2d 743, 754 (D.C. 1988); *Baker v. Westinghouse Elec. Corp.*, 637 N.E.2d 1271, 1275 (Ind. 1994); *Johnson v. Mountaire Farms of Delmarva, Inc.*, 305 Md. 246, 503 A.2d 708, 714 (1986); *Travis v. Dreis and Krump Mfg. Co.*, 453 Mich. 149, 551 N.W.2d 132, 141 (Mich. 1996); *Gunderson v. Harrington*, 632 N.W.2d 695, 703 (Minn. 2001); *Peaster v. David New Drilling Co., Inc.*, 642 So. 2d 344, 349 (Miss. 1994); *Wise v. CNH Am., LLC*, 2006 MT 194, 333 Mont. 181, 142 P.3d 774, 776-77 (2006); *Conway v. Circus Circus Casinos, Inc.*, 116 Nev. 870, 8 P.3d 837, 840 (2000); *Peay v. U.S. Silica Co.*, 313 S.C. 91, 437 S.E.2d 64, 65-66 (1993); *Folsom v. Burger King*, 135 Wn.2d 658, 958 P.2d 301, 305 (1998); *Schwindt v. Hershey Foods Corp.*, 81 P.3d

Additionally, there are some jurisdictions that have adopted tests for intentional conduct which do not fit neatly into either category.[5]

■ Although Robles urges us to adopt the minority approach, this Court, like the District Court of the Virgin Islands and Third Circuit Court of Appeals, will "not attribute to the Virgin Islands legislature an intention to adopt the minority rule." *Eddy*, 369 F.3d at 235. Title 1, section 4 of the Virgin Islands Code provides that

> [t]he rules of the common law, as expressed in the restatements of law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary.

As noted by the Third Circuit Court of Appeals, "[t]he foregoing statute is impressive evidence that the Virgin Islands legislature intends [majority]

---

1144, 1146 (Colo. Ct. App. 2003); *Bercaw v. Domino's Pizza Inc.*, 258 Ill. App. 3d 211, 630 N.E.2d 166, 169, 196 Ill. Dec. 469 (1994); *Davis v. U.S. Employers Council, Inc.*, 147 Ore. App. 164, 934 P.2d 1142, 1147 (1997); *Mize v. Conagra, Inc.*, 734 S.W.2d 334, 336 (Tenn. Ct. App. 1987); *Lantz v. Nat'l Semiconductor Corp.*, 775 P.2d 937, 939-40 (Utah Ct. App. 1989).

[5]  *Delgado v. Phelps Dodge Chino, Inc.*, 2001 NMSC 34, 131 N.M. 272, 34 P.3d 1148, 1156 (2001) (the court applied a combination of methods of defining willfulness); *Iddings v. Mee-Lee*, 82 Haw. 1, 919 P.2d 263, 267 (1996) (the court found that the statute required a showing of willful and wanton misconduct); *Kearney v. Denker*, 114 Idaho 755, 760 P.2d 1171, 1173 (1988) (the court found that the statute required a showing of willful or unprovoked physical aggression); *Zurich Ins. Co. v. Mitchell*, 712 S.W.2d 340, 342 (Ky. 1986) ("[T]he legislature has specified that the only exception to the exclusive remedy is for the willful and unprovoked physical aggression."); *Zimmerman v. Valdak Corp.*, 1997 ND 203, 570 N.W.2d 204, 209 (1997) ("An employer is deemed to have intended to injure if the employer had knowledge an injury was certain to occur and willfully disregarded that knowledge."); *Mead v. Western Slate, Inc.*, 176 Vt. 274, 848 A.2d 257, 261-64 (2004) (the court goes through the substantial certainty analysis but does not formally adopt the substantial certainty test); *McBee v. U.S. Silica Co.*, 205 W. Va. 211, 517 S.E.2d 308, 312 (1999) ("[A] plaintiff attempting to impose liability on the employer must present sufficient evidence, especially with regard to the requirement that the employer had a subjective realization and an appreciation of the existence of such specific unsafe working condition and the strong probability of serious injury or death presented by such specific unsafe working condition."); *Gamez v. Brush Wellman, Inc.*, 201 Ariz. 266, 34 P.3d 375, 378 (2001) ("[O]ur statute as well as the principles governing the interpretation of the workmen's compensation statutes which provide for suit at common law for the employer's willful misconduct require that there be deliberate intention as distinguished from some kind of intention presumed from gross negligence."); *Jones v. State*, 96 A.D.2d 105, 468 N.Y.S.2d 223, 224-25 (1983) (the court found that the statute required a showing that the employer deliberately used excessive force).

rule to govern in the absence of specific legislation." *Dyndul v. Dyndul*, 541 F.2d 132, 134, 13 V.I. 376 (3d Cir. 1976) (analyzing title 1, section 4 of the V.I. Code in the context of a divorce action); *see also Eddy*, 369 F.3d at 235 (citing *Dyndul*, 541 F.2d at 134).

■ This Court is mindful of the separation of powers doctrine and, in the absence of clear statutory language, we will not rewrite the statute to apply the substantial certainty test in the Virgin Islands. *See Rafferty v. Hartman Walsh Painting Co.*, 760 A.2d 157, 160 (Del. 2000) (Supreme Court of Delaware refused to apply the substantial certainty test absent some indication that the General Assembly intended to adopt a substantial certainty rule). The Supreme Court of Maine has properly noted that "[a]lthough narrow intentional tort exceptions to workers' compensation coverage exist in a number of jurisdictions, those exceptions frequently have been created by statutory change, or are based on 'accidental injury' language in workers' compensation statutes. The creation of such an exception in this state is best left to the legislature." *Searway v. Rainey*, 1998 ME 86, 709 A.2d 735, 736 (1998) (citation, footnote, and punctuation omitted). The Legislature of the Virgin Islands, having created the statutory scheme, is best equipped to consider the implications of altering the exclusive remedy provision of the WCA. *See id.* at 737. As long as the substantial certainty test remains the minority rule, it is for the Legislature to determine whether or not such a test should be adopted in the Virgin Islands. Accordingly, along with a majority of jurisdictions, we hold that the intentional tort exception applies only to situations in which the employer had an actual, specific and deliberate intention to cause injury.

## C. The Adequacy of the Complaint

Having determined that the intentional tort exception applies only when an employer acts with actual, specific and deliberate intent to cause injury, we must now determine whether Robles adequately stated a claim under the intentional tort exception to the WCA in order to preclude dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The adequacy of a complaint is governed by the general rules of pleading set forth in Rule 8 of the Federal Rules of Civil Procedure. The Supreme Court of the United States recently reevaluated the Rule 8 pleading requirements in *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In light of *Twombly*, the Third

Circuit Court of Appeals also reevaluated the pleading requirements of Rule 8 in *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008). In *Phillips*, the Third Circuit Court of Appeals observed the following:

■ We find two new concepts in *Twombly*. First, in its general discussion of Rules 8 and 12(b)(6), the Supreme Court used certain language that it does not appear to have used before. The Court explained that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's [Rule 8] obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65 (alteration in original) (internal citations omitted). The Court explained that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 1965 n. 3. Later, the Court referred to "the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 1966. The Court further explained that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965 & n. 3.

Second, the Supreme Court disavowed certain language that it had used many times before-the "no set of facts" language from *Conley*. *See id.* at 1968. It is clear that the "no set of facts" language may no longer be used as part of the Rule 12(b)(6) standard. As the Court instructed, "[t]his phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S. Ct. at 1969. We find that these two aspects of the decision are intended to apply to the Rule 12(b)(6) standard in general. *See Iqbal v. Hasty*, 490 F.3d 143, 157 n. 7 (2d Cir. 2007) ("[I]t would be cavalier to believe that the Court's rejection of the 'no set of facts' language from *Conley* . . . applies only to section 1 antitrust claims.").

*Phillips*, 515 F.3d at 231-32. The Third Circuit Court of Appeals went on to note, however, that in *Twombly* the Supreme "Court also expressly reaffirmed that Rule 8 requires only a short and plain statement of the claim and its grounds." *Id.* at 232. "In light of *Twombly*, Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief." *Id.* Ulti-

mately, the Third Circuit Court of Appeals found that "[t]he Supreme Court's *Twombly* formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 234.

Applying the reevaluated Rule 8 standard to the instant appeal, Robles was required to present a complaint with enough factual matter, taken as true, to suggest that HOVENSA had an actual, specific and deliberate intention to injure him. Adequately alleging that an employer had actual, specific and deliberate intent to cause injury to an employee, however, is not an easy task. Attempts to characterize contentions that an employer created a dangerous work environment through negligence, recklessness and intentional misconduct "as intentional torts are almost always unsuccessful because the actual injury remains accidental in character even where the corporate employer knowingly permitted a hazardous work condition to exist, willfully failed to provide a safe place to work or intentionally violated a safety statute." *Eddy*, 369 F.3d at 234. Robles alleged that HOVENSA: constantly and knowingly exposed him to toxic gases on a daily basis without requiring the necessary safety equipment, purposely and falsely informed him that low levels of hydrogen sulfide were not dangerous or damaging, intentionally disconnected the ASD safety mechanism, disregarded his warnings that the air blower was subject to trap gases, and instructed him to start up the blower after it failed, all of which caused his severe injuries.

█ Upon review of Robles' complaint, the trial court found that the allegations against HOVENSA did not demonstrate that HOVENSA acted with actual, specific and deliberate intent to injure him. Our review of the complaint reveals only conclusory contentions that HOVENSA's alleged acts of negligence were committed with intent to injure Robles.[6] The complaint does not present enough underlying factual matter to suggest

---

[6]  Robles makes the following allegations in his complaint:

> 5.  Defendant has known that due to its poor maintenance, antiquated equipment, disrepair and improper safety methods toxic gases permeated the refinery. . . .
>
> 8.  Plaintiff was constantly and knowingly exposed to H2S and other gases on virtually a daily basis. . . .
>
> 10.  Defendant have [sic] purposefully not informed its workers in general and Plaintiff in particular of these dangers and rather have falsely represented that low levels of H2S are not dangerous or damaging.

that HOVENSA had an actual, specific, and deliberate intention to injure him. The facts, as pled by Robles and viewed in his favor, fail to raise a reasonable expectation that discovery will reveal evidence of conduct intended to cause injury. The complaint, at best, alleges that HOVENSA knowingly permitted a hazardous work condition to exist, and/or willfully failed to provide a safe place to work. Such allegations are insufficient to support a claim that an employer's conduct was intended to cause injury and, therefore, falls outside the exclusive remedy provision of the WCA. *Eddy*, 369 F.3d at 234. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . ." *Twombly*, 127 S. Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (citations and footnote omitted). Robles' conclusory allegations do not rise above the speculative level. Accordingly, the trial court correctly determined that Robles' complaint failed to state a claim entitling him to relief, and appropriately dismissed the complaint pursuant Rule 12(b)(6).

## III. CONCLUSION

Robles failed to plausibly plead that HOVENSA acted with intent to injure him and, therefore, failed to meet the requirements of the intentional tort exception to the exclusive remedy provision of the WCA. Therefore, the Superior Court properly dismissed his complaint for failure to state a claim upon which relief can be granted. This Court declines to adopt the substantial certainty test applied in a minority of American

---

11.  Defendant has purposely and intentionally exposed its workers in general and the Plaintiff in particular to H2S and other toxic and deadly fumes for the entire time Plaintiff was employed with Defendant. . . .

13.  Defendant has purposely and intentionally failed to require necessary safety equipment to make is [sic] safe for workers to work in the area. . . .

17.  Plaintiff had previously notified the Defendant that that blower was subject to trap gases in it because of its design and location such that it could cause severe injuries.

18.  Defendant knowing that did nothing to rectify the situation. . . .

21.  The actions of the Defendant were intentional and outrageous and such that Plaintiff is entitled to an award of punitive damages.

(J.A. at 9-11).

jurisdictions, as the creation of a more expansive exception to the WCA is best left to the Legislature of the Virgin Islands. Accordingly, the Superior Court's dismissal order is affirmed.