STATE OF MAINE                                      SUPERIOR COURT
                                                      CIVIL ACTION
YORK, ss.                                       DOCKET NO. CV-09-125
                                                 CRAB - YOR - 3/9/2010

ALEXIS GOODRICH,

        Plaintiff

        v.                                              ORDER

MICHAEL DESCHAMBAULT,

        Defendant

Plaintiff Alexis Goodrich filed this action against defendant Michael Deschambault seeking to recover for injuries caused by Deschambault's alleged negligence. Deschambault argues that Goodrich's receipt of funds under Maine's Workers' Compensation Act immunizes him from civil suits per 39-A M.R.S.A. § 104 (2009), and has moved for summary judgment. Following hearing, Deschambault's motion is granted.

## BACKGROUND

The Little Yellow Store is a convenience store located in Wells, Maine. (Opp. S.M.F. ¶¶ 22, 54.) There is a residential apartment above the store, and a basement below. (Opp. S.M.F. ¶¶ 23, 43.) Defendant Michael Deschambault's mother owns both the store and the building, and she lived in the apartment at the time of the incident giving rise to this litigation. (Opp. S.M.F. ¶¶ 25–26.) She and the defendant had moved into the apartment in approximately 1998, when the defendant was fourteen years old. (Opp. S.M.F. ¶¶ 27–28.) While it is unclear whether Deschambault was living in the

apartment at the time of the incident, he was still using the apartment and basement for personal storage and generally treated it as a residence. (Opp. S.M.F. ¶¶ 29–33.)

During the summer of 2005 Deschambault was a salaried employee of the Little Yellow Store working an average of forty hours per week. (Add.'l Supp. S.M.F. ¶¶ 45–46; Deschambault Dep. at 37–38.) His work schedule varied because he would fill in for his mother or other absent employees as needed. (Opp. S.M.F. ¶¶ 51–54; Deschambault Dep. at 37–38.) Deschambault was approximately twenty-two years old in 2005. (Opp. S.M.F. ¶ 28.)

On July 25, 2005 plaintiff Alexis Goodrich was working as an employee of the Little Yellow Store. (Supp. S.M.F. ¶¶ 3.) Deschambault was physically in and around the store that day, but the parties dispute the extent to which he was working. There is no dispute that on that day Deschambault undertook to fill a 150-gallon fish tank he kept in the building's basement. (Opp. S.M.F. ¶¶ 43–44; Supp. S.M.F. ¶ 11.) To fill the tank, Deschambault opened a hatch in the store's floor and ran a hose from the store down into the basement. (Supp. S.M.F. ¶¶ 9–11.) After the tank was filled but before he could close the hatch, Goodrich accidentally fell through the hatch into the basement and injured herself. (Supp. S.M.F. ¶¶ 7–8.) The parties agree that Goodrich was injured while acting within the scope of her employment. (Supp. S.M.F. ¶ 7.)

While neither party has offered evidence on this point, they implicitly agree that Goodrich collected funds under Maine's Workers' Compensation Act to compensate her for injuries. Goodrich filed this action against Deschambault in his personal capacity on April 22, 2009 alleging negligence. Deschambault claims that Goodrich's receipt of funds under Maine's Worker's Compensation Act immunizes him from suit per 39-A M.R.S.A. § 104 (2009), and on October 1, 2009 he filed this motion for summary judgment.

2

## DISCUSSION

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A motion for summary judgment must be supported by citations to record evidence of a quality that would be admissible at trial. *Id.* at ¶ 6, 770 A.2d at 656 (citing M.R. Civ. P. 56(e)). An issue of "fact exists when there is sufficient evidence to require a fact-finder to choose between competing versions of the truth at trial." *Inkell v. Livingston*, 2005 ME 42, ¶ 4, 869 A.2d 745, 747 (quoting *Lever v. Acadia Hosp. Corp.*, 2004 ME 35, ¶ 2, 845 A.2d 1178, 1179). Any ambiguities "must be resolved in favor of the non-moving party." *Beaulieu v. The Aube Corp.*, 2002 ME 79, ¶ 2, 796 A.2d 683, 685 (citing *Green v. Cessna Aircraft Co.*, 673 A.2d 216, 218 (Me. 1996)).

There is no dispute that Deschambault and Goodrich were co-employees of the Little Yellow Store on July 25, 2005, or that Goodrich's injuries arose from and were sustained in the course of her employment. The parties also agree that Deschambault opened the hatch to the basement for purely personal reasons. The only contested fact is whether Deschambault was "on duty" at the time of the accident. The evidence is not clear on this point.

Maine's Workers' Compensation Act "shields employers from tort liability for workplace injuries if they obtain workers' compensation insurance for their employees." *Frank v. L.L. Bean, Inc.*, 352 F. Supp. 2d 8, 11 (D. Me. 2005) (citing 39-A M.R.S.A. § 104). This tort immunity extends to "all employees, supervisors, officers and directors of the employer for any personal injuries arising out of and in the course of employment...." 39-A M.R.S.A. § 104 (2009). The statutory language is broad and places the focus on the injured employee, asking only if the injuries "(1) [were] incurred in the course of

3

employment and (2) arose out of that employment." *Li v. C.N. Brown Co.*, 645 A.2d 606, 610 (Me. 1994) (Glassman, J., dissenting). Whether the employer or co-employee was acting in the course or scope of the employment relationship is irrelevant. The Law Court has emphasized this point by holding that statutory immunity applies to both negligent and intentional torts. *Searway v. Rainey*, 1998 ME 86, ¶ 3, 709 A.2d 735, 736 (citing *Li v. C.N. Brown Co.*, 645 A.2d 606, 607 (Me. 1994)).

Goodrich admits that she was injured in the course of her employment, and that the injury arose out of her employment at the Little Yellow Store. She has received funds through Workers' Compensation insurance. It follows that 39-A M.R.S.A. § 104 shields the Little Yellow Store and its employees from tort liability for Goodrich's injuries. This immunity would extend to Deschambault even though he was acting outside the scope of his employment at the time of the injury.

Goodrich rejects this straightforward application of the law and contends that Deschambault may be liable for negligence under the dual persona doctrine.

> To be liable as a third party under the dual persona doctrine, an otherwise exempt employer must have a second persona so independent from its status as an employer that it constitutes a separate legal entity and creates a second set of obligations to the employee completely distinct from the duties of employment.

*Li*, 645 A.2d at 609 (citing *Hatch v. Lido Co. of New England*, 609 A.2d 1155, 1156 (Me. 1992)). "The proper test for determining whether the doctrine applies is not whether a separate legal theory of liability can be brought against the same legal person as the employer, but rather whether the controversy involved separate legal personae." *Quinn v. DiPietro*, 642 A.2d 1335, 1337 (Me. 1994) (citing *Sharp v. Gallagher*, 447 N.E.2d 786, 788 (Ill. 1983); *Incandela v. Giannini*, 619 N.E.2d 844, 849 (Ill. App. Ct. 1993); 23 A.L.R.4th 1151 § 5 (1983 & Supp. 1993)). While the Law Court has only applied the doctrine to

4

employers, there is no reason to believe that the same tests would not apply to co-employees under the Workers' Compensation Act.

In other cases, the courts have found distinct duties where an employer owned and negligently maintained a building under a separate corporate entity, where an "employee has been injured at work by the use of a product that the employer manufactured for public distribution, or in which the employer has stepped out of his role as employer by providing medical care to the employee." *Quinn*, 642 A.2d at 1336 n.2 (citing 82 Am. Jur. 2d Workers' Compensation § 67 (1992)) (products and medical care); *Peavey v. Taylor*, 637 A.2d 449, 451 (Me. 1994) (building owner). In this case, the question is whether Deschambault occupied separate legal personae when he was on- and off-duty, such that he held a "second set of obligations to [Goodrich] completely distinct from the duties of employment."

The parties have not identified any case-law defining the duties co-employees owe each other when on-duty against the ordinary duty of care imposed by law on all people. Assuming without deciding that Deschambault would have owed Goodrich a duty to maintain a safe working environment when he was on-duty, this duty is not completely distinct form the general duty to conduct oneself with ordinary care. *See Parker v. Harriman*, 516 A.2d 549, 551 (Me. 1986). Absent a completely distinct legal persona with independent legal duties, the dual persona doctrine should not apply.

## CONCLUSION

Assuming that defendant Michael Deschambault was off-duty when he opened the hatch that his co-employee Alexis Goodrich fell through, 39-A M.R.S.A. § 104 still immunizes from civil tort liability because Goodrich was injured in the course of her employment at the Little Yellow Store, her injuries arose out of that employment, Deschambault was also an employee of the Little Yellow Store, and his employment did

5

not give him two completely separate legal personae when he was on- and off-duty. Given that Goodrich has received compensation from Maines' Workers' Compensation insurance, she cannot now pursue Deschambault in his individual capacity and Deschambault's motion for summary judgment is **granted**.

The clerk may incorporate this order in the docket by reference.

Dated:     March *8*, 2010

G. Arthur Brennan
Justice, Superior Court


ATTORNEY FOR PLAINTIFF
JAMES C. BEARDSLEY, ESQ.
LOWRY & ASSOCIATES
835 FOREST AVENUE
PORTLAND ME   04103


ATTORNEY FOR DEFENDANT
FREDERICK COSTLOW, ESQ.
RICHARDSON WHITMAN LARGE & BADGER
PO BOX 2429
BANGOR ME   04402-2429