**CECIL S. JOSEPH, Appellant/Plaintiff**

**v.**

**BUREAU OF CORRECTIONS, OFFICE OF COLLECTIVE BARGAINING, ATTORNEY GENERAL, VINCENT FRAZER, WARDEN, ROSALDO HORSFORD, Appellees/Defendants**

S. Ct. Civ. No. 2009-0055

Supreme Court of the Virgin Islands

March 7, 2011

644

645

646

CECIL S. JOSEPH, St. Croix, USVI, *Pro se*, *Appellant*.

ROBERT A. MOLLOY, ESQ., Assistant Attorney General, Office of Collective Bargaining, St. Croix, USVI, *Attorney for Appellees*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(March 7, 2011)

CABRET, J. Cecil S. Joseph pled guilty to a misdemeanor crime, oppression of prisoner, in connection with his employment as a corrections officer at St. Croix's Golden Grove Correctional Facility ("Golden Grove"). As a result of his guilty plea, the Bureau of Corrections ("BOC") terminated Joseph's employment. Joseph was a member of The Seafarer's International Union ("Union") which negotiated with the BOC on Joseph's behalf for his reinstatement in exchange for Joseph's release of all claims against the BOC, including back pay and seniority benefits. After he was reinstated, Joseph filed a complaint in the Superior Court seeking those benefits. The Superior Court dismissed Joseph's complaint for failure to state a claim. Joseph appealed. For the reasons which follow, we affirm the dismissal of Joseph's complaint for failure to state a claim.

## I. FACTS AND PROCEDURAL HISTORY

In November 2003, Joseph was involved in an altercation with an inmate at Golden Grove. On December 8, 2004, Joseph was arrested for

assault in the third degree, V.I. CODE ANN. tit. 14, § 297(2), possession of a dangerous weapon during the commission of a crime of violence, 14 V.I.C. § 2251(a)(2)(B), and oppression of prisoner, 14 V.I.C. § 1582, which resulted in the BOC suspending him without pay. Joseph subsequently pled guilty to oppression of prisoner and was sentenced on December 1, 2005 to, among other things, two years of probation. At the same time, the Superior Court set out the terms of Joseph's probation, including that he "must maintain his current employment."

On March 24, 2006, the BOC terminated Joseph's employment at Golden Grove due to the November 2003 incident. Joseph contacted the Union,[1] which entered into negotiations with the BOC on Joseph's behalf. On December 28, 2007, the BOC and the Union entered into a "Stipulated Agreement," in which the BOC agreed to reinstate Joseph as a corrections officer in exchange for Joseph relinquishing his grievances and any claim for back pay, benefits, or seniority for the time period of his suspension.

■ Sometime after Joseph's reinstatement, another corrections officer was arrested for a crime and was not terminated, resulting in no loss of pay or seniority, which prompted Joseph to file a *pro se* complaint in the Superior Court against BOC, the warden of Golden Grove, the Attorney General, and the Office of Collective Bargaining ("OCB").[2] But while the Superior Court dismissed Joseph's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)[3] based primarily on Joseph's release of claims contained in the stipulated agreement, it failed to identify with any specificity what claims Joseph's complaint, which is not artfully phrased and frequently difficult to follow, made. Joseph now appeals this dismissal[4] and requests that this Court find that his complaint does state a claim on which relief may be granted. The OCB, the only

---

[1] The Union was not a party below, nor is it a party to this appeal.

[2] Joseph's filing was titled "Motion For Order To Show Cause In Matter Of Contempt Og [sic] Court," (Appellee App. 11-19), but the Superior Court properly reconstrued it as a complaint. *See Chavayez v. Buhler*, S.Ct. Civ. No. 2007-0060, 2009 V.I. Supreme LEXIS 26, *4 n.1 (V.I. June 25, 2009) ("[I]t is well established that the substance of a motion, and not its caption, shall determine under which rule that motion is construed.")

[3] "The practice and procedure in the Superior Court shall be governed by the Rules of the Superior Court and, to the extent not inconsistent therewith, by . . . the Federal Rules of Civil Procedure . . . ." SUPER. CT. R. 7.

[4] Because the Superior Court entered its dismissal order on May 20, 2009 and Joseph filed his notice of appeal on June 12, 2009, Joseph's notice of appeal was timely filed. *See* V.I.S.CT.R. 5(a)(1) ("[T]he notice of appeal required by Rule 4 shall be filed with the Clerk

appellee to file a brief, argues that the Superior Court lacked jurisdiction over Joseph's complaint, and even if it had jurisdiction, correctly dismissed the complaint based on the release.

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction over this civil appeal pursuant to title 4, section 32(a) of the Virgin Islands Code, which provides that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." 4 V.I.C. § 32(a). The dismissal of a complaint for failure to state a claim is a final order. *See Martinez v. Colombian Emeralds, Inc.*, 51 V.I. 174, 187 (V.I. 2009).

■■ We review a dismissal under Federal Rule of Civil Procedure 12(b)(6) under a *de novo* standard and thus apply the same test the Superior Court should have utilized. *See Martinez*, 51 V.I. at 187. As this Court has previously explained, "[t]he adequacy of a complaint is governed by the general rules of pleading set forth in Rule 8 of the Federal Rules of Civil Procedure."[5] *Robles v. HOVENSA, L.L.C.*, 49 V.I. 491, 499 (V.I. 2008). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), the United States Supreme Court reinterpreted Rule 8 to require a complaint to set forth a plausible claim for relief, thus allowing courts to dismiss, under Rule 12(b)(6), complaints that fail to meet that standard. *Robles*, 49 V.I. at 500 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 231-32 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. 555-56, 127 S. Ct. at 1965-66)).

■ The process under *Robles*, *Twombly*, and *Iqbal* can best be characterized as a three-pronged analysis. First, "the court must take note of the elements a plaintiff must plead to state a claim" so that the court is aware of each item the plaintiff must sufficiently plead. *Santiago v. Warminster Tp.*, 629 F.3d 121, 130 (3d Cir. 2010). Second, "the court

---

of the Superior Court within thirty days after the date of entry of the judgment or order appealed from . . . ").

[5] While Superior Court Rule 22 provides that "[a] civil action is commenced by filing a complaint with the court," no Superior Court rule establishes any standards with respect to the contents of a complaint. Accordingly, Federal Rule of Civil Procedure 8(a)(2) is applicable to civil actions in the Superior Court through Superior Court Rule 7.

should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* These conclusions can take the form of either legal conclusions couched as factual allegations or "naked [factual] assertions devoid of further factual enhancement." *Id.* at 131. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id.* at 130. If there are sufficient remaining facts that the court can draw a "reasonable inference that the defendant is liable" based on the elements noted in the first step, then the claim is plausible. *Id.* at 132 (quoting *Iqbal*, 129 S.Ct. at 1949). The plausibility determination is a "context-based" determination which should be guided by the court's "judicial experience and common sense." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949). Plausibility requires that the plaintiff allege facts that are more than simply "consistent with a defendant's liability" and must permit the court to infer more than the mere possibility of misconduct. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949).

## III. DISCUSSION

### A. Joseph's Complaint Alleges A Contempt Of Court Claim Based On His Probation Terms And A Hybrid Breach Of Contract/Duty Of Fair Representation Claim.

██ Whenever we interpret a complaint, it is our policy to "give[] *pro se* litigants greater leeway" in dealing with matters of procedure and pleading. *Dennie v. Swanston*, 51 V.I. 163, 169 (V.I. 2009) (quoting *Tabron v. Grace*, 6 F.3d 147, 153 n.2 (3d Cir. 1993)). Significantly, "in *Twombly* the Supreme Court . . . expressly reaffirmed that Rule 8 requires only a short and plain statement of the claim and its grounds," and thus did not abandon the liberal pleading procedure known as "notice pleading." *Robles*, 49 V.I. at 500 (internal quotation marks omitted) (quoting *Phillips*, 515 F.3d at 232). Moreover, both this Court and the United States Supreme Court have recognized that there is a strong preference for trial courts to decide doubtful cases on their merits rather than dismiss them for a failure to strictly follow purely procedural rules. *See, e.g., Spencer v. Navarro*, S.Ct. Civ. No. 2007-0069, 2009 V.I. Supreme LEXIS 25, *10 (V.I. Apr. 8, 2009) (unpublished); *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957).

Keeping those principles in mind, Joseph's first claim is easy to identify: he alleged that the BOC "terminated Plaintiff from his employment arbitrarily, and in contempt of said court order" which he then went on to define as the December 1, 2005 Judgment, specifically the portion that required him to maintain his current employment. Therefore, we construe that Joseph's complaint requested, as Count I, that the Superior Court hold the BOC in civil contempt for violation of the December 1, 2005 Judgment.

On the other hand, Joseph's second claim is more difficult to identify. The complaint alleged that the December 1, 2005 Judgment adjudged him guilty, due to his guilty plea, of a misdemeanor. The complaint also identified an alleged contractual relationship between Joseph and the BOC in the form of a collective bargaining agreement that required a "disciplinary action of 30 days" in the event of a first misdemeanor offense. Joseph averred that he was terminated, not suspended for thirty days. Finally, Joseph made a plea for relief, specifically lost back pay and seniority. Thus we construe Joseph's complaint as alleging a breach of contract claim. We note, however, that in the breach of contract section of his complaint, Joseph also alleged that the stipulated agreement wherein he released all claims against the BOC was entered into "arbitrarily" and that he was "misrepresented in matter of such alleged Stipulated Agreement" by the Union. In other words, Joseph alleged that the Union failed to fairly represent him in his administrative grievance procedure. Therefore, we hold that Joseph's complaint alleged, as Count II, a hybrid breach of contract/violation of the duty of fair representation.[6]

---

[6] In its appellate brief, the OCB contends, without any explanation, that the Superior Court lacked subject matter jurisdiction over Joseph's complaint. The Legislature, however, has expressly conferred the Superior Court with jurisdiction over all civil actions, including lawsuits alleging violations of collective bargaining agreements. See 4 V.I.C. § 76(a) ("Subject to the original jurisdiction conferred on the District Court by section 22 of the Revised Organic Act of 1954 . . . the Superior Court shall have original jurisdiction in all civil actions regardless of the amount in controversy. . . ."); 24 V.I.C. § 383 ("Suits for violation of contracts between a public employer and an exclusive representative, or between labor organizations, may be brought in any court of this Territory having jurisdiction of the parties . . . without respect to the amount in controversy or without regard to the citizenship of the parties."). Moreover, to the extent that the OCB is alleging that Joseph could not file suit against the BOC until the grievance procedures established in the collective bargaining agreement have been exhausted, courts have consistently held that when — as here — an employee

651

## B. The Superior Did Not Err By Determining That Probation Terms Cannot Be Used To Bind Joseph's Employer.

Joseph's complaint requested back pay and seniority based on BOC's allegedly being in contempt of the terms of Joseph's probation order, which required him to maintain his current employment. The Superior Court dismissed Joseph's contempt claim in a single sentence, stating that "the Court was not empowered to force BOC to keep [Joseph] as an employee." We agree with the Superior Court's conclusion.

■ At the outset of our review of the Superior Court's dismissal pursuant to 12(b)(6), we must first take note of the elements of an action for civil contempt. *See Santiago*, 629 F.3d at 130. An action for civil contempt requires a showing of three elements: "(1) that a valid order of the court existed; (2) that the defendant had knowledge of the order; and (3) that the defendant disobeyed the order." *In re Najawicz*, 52 V.I. 311, 339 (V.I. 2009) (quoting *Harris v. Philadelphia*, 47 F.3d 1311, 1326 (3d Cir. 1995)); *see also Berne Corp. v. Gov't of the V.I.*, 570 F.3d 130, 139, 51 V.I. 1253 (3d Cir. 2009). However — in the context of ascertaining liability for civil contempt — an order is only valid if 1) the contempt claim is being directed at an individual bound by the order, 2) the original court could have exercised personal jurisdiction over that individual when it issued the order, and 3) the original court possessed subject matter jurisdiction to issue the order. *See Najawicz*, 52 V.I. at 340 n.19 ("[A] civil contempt order may not issue if it is based upon a court order that . . . was beyond the jurisdiction of the court.") (internal quotation marks omitted) (quoting *United States v. United Mine Workers*, 330 U.S. 258, 294-95, 67 S. Ct. 677, 696-97, 91 L. Ed. 884 (1947)); *Comprehensive Health of Planned Parenthood v. Kline*, 287 Kan. 372, 197 P.3d 370, 401 (2008) (declining to hold Attorney General in civil contempt for disobeying order that was directed only at a judge).

Next, in our review of the Superior Court's dismissal pursuant to 12(b)(6), we are required to "identify allegations that, because they are no

---

alleges that an employer breached a collective bargaining agreement and a union failed to fairly represent him in the grievance procedure, the employee may immediately pursue a hybrid breach of contract/duty of fair representation claim. *See, e.g., Gomez v. Gov't of the V.I.*, 882 F.2d 733, 737 (3d Cir. 1989) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164, 103 S.Ct. 2281, 2290, 76 L.Ed.2d 476 (1983)).

more than conclusions, are not entitled to the assumption of truth." *Santiago*, at 131. We find that there are no mere conclusions on this count.

Therefore, we move on to the final step in our 12(b)(6) analysis- where we accept as true all remaining factual allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id.* Joseph's factual allegations which we accept as true can be summarized as follows: 1) Joseph was placed on probation following his guilty plea, 2) one of the conditions of that probation was that he "maintain his current employment," and 3) that the BOC terminated Joseph from his employment in violation of that order. Despite these allegations, we are unable to infer a plausible entitlement to relief.

 Here, the BOC could not — as a matter of law — have been bound by the order sentencing Joseph to probation. Section 3711(a) of title 5 of the Virgin Islands Code states, in relevant part:

> Upon entering a judgment of conviction of any offense against the laws of the Virgin Islands not publishable by life imprisonment, the [Superior Court] . . . may suspend the imposition or execution of sentence and place *the defendant* on probation for such period and *upon such terms and conditions* as the court deems best.

5 V.I.C. § 3711(a) (1997) (emphasis added). Thus, the plain language of the statute limits the Superior Court's authority to placing terms and conditions on the defendant convicted of a crime, and grants it no authority to place terms and conditions on the defendant's employer, or any other third party. Where the language of a statute is plain and unambiguous, no further interpretation is needed. *People v. Baxter*, 49 V.I. 384, 388 (V.I. 2008). As such, the BOC could not be bound by the order placing terms and conditions on the Joseph. If the BOC cannot be bound by the order, then the order is not valid as it applies to the BOC-even if the order is valid with respect to Joseph — and BOC cannot be in contempt of that order. *See In re Najawicz*, 52 V.I. at 339-340. Therefore, we cannot draw a reasonable inference that Joseph has a plausible claim for relief and, thus, we affirm the trial court's dismissal of the contempt count for failure to state a claim.

### C. Joseph's Complaint Failed To Set Out Sufficient Facts On The Hybrid Claim.

 The hybrid breach of contract/duty of fair representation claim was originally a creation of the United States Supreme Court to avoid

what it considered an inherent inequity in the administrative exhaustion requirements of the National Labor Relations Act ("NLRA"). *See DelCostello*, 462 U.S. at 164, 103 S.Ct. at 2290 (recognizing that the exhaustion rule under the NLRA caused "an unacceptable injustice when the union representing the employee in the grievance/arbitration procedure . . . breach[ed] its duty of fair representation."). In *Gomez v. Government of the Virgin Islands*, the United States Court of Appeals for the Third Circuit applied the same concept to the Virgin Islands Public Employee Labor Relations Act ("PELRA"), codified at 24 V.I.C. §§ 361-83, and held that a similar hybrid suit could be maintained under the PELRA. *Gomez*, 882 F.2d at 737-38; *see also Stafford v. Hess Oil V.I. Corp.*, No. 928/1993, 1998 V.I. LEXIS 10, *16 (V.I. Super. Ct. May 12, 1998) (unpublished) (recognizing hybrid suit in the Virgin Islands and dismissing it under a motion to dismiss for failure to state a claim of breach of the duty of fair representation). Even though the Superior Court failed to identify this Count,[7] because our review is of the dismissal *de novo*, we must determine if Joseph's allegations raise plausible grounds from which we can infer liability. *See Twombly*, 550 U.S. at 556, 127 S. Ct. at 1966.

---

[7] The Superior Court did not recognize Joseph's complaint as a hybrid claim and based its dismissal on the settlement reached on behalf of Joseph by the Union with the BOC which caused his reinstatement. (*See* Appellee App. 6-7.) Essentially, then, the Superior Court dismissed the complaint based on the affirmative defense of Accord and Satisfaction. Generally, a court should refrain from dismissing a claim based on an affirmative defense until a Federal Rule of Civil Procedure 56 motion has been made, to permit adequate discovery to establish the defense. *See Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 657 (3d Cir. 2003) ("The facts necessary to establish an affirmative defense must generally come from matters outside of the complaint. Thus, with some exceptions, affirmative defenses should be raised in responsive pleadings, not in pre-answer motions brought under Rule 12(b)."). *But see Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 921, 166 L. Ed. 2d 798 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense . . . . Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract."). However, since our review is *de novo* and we agree that Joseph has failed to state a claim upon which relief may be granted on other grounds, we have no occasion to determine if dismissal on this ground was error. We do note, however, that normally a trial court should endeavor to determine what claims are being presented before determining whether they have been barred by a release.

■ First, as above, we must take note of the elements Joseph is required to plead to state his hybrid claim. We must affirm the trial court's dismissal of the remainder of Joseph's complaint for failure to state a claim if Joseph failed to allege all of the elements of *both* a breach of contract claim and a breach of the duty of fair representation. *Gomez*, 882 F.2d at 737; *see also Guerrero v. Hovensa L.L.C.*, 259 Fed. Appx. 453, 459 (3d Cir. 2007) (unpublished) (affirming summary judgment on a NLRA hybrid claim for failure to allege a breach of the duty of fair representation); *McCoy v. Hess Oil of V.I. Corp.*, 206 F. Supp. 2d 726, 728 (D.V.I. 2002) *aff'd* 67 Fed. Appx. 738, 739 (3d Cir. 2003) (unpublished). To establish a claim for a breach of fair representation, Joseph must have pled sufficient facts to permit us to plausibly infer that the Union acted in an arbitrary or discriminatory manner or in bad faith. *See Vaca v. Sipes*, 386 U.S. 171, 190, 87 S. Ct. 903, 916, 17 L. Ed. 2d 842 (1967); *see also Twombly*, 550 U.S. at 556, 127 S. Ct. at 1966. "[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational." *Sanozsky v. Int'l Ass'n of Machinists & Aerospace Workers*, 415 F.3d 279, 282-83 (2d Cir. 2005) (quoting *Airline Pilots Ass'n Int'l v. O'Neill*, 499 U.S. 65, 67, 111 S. Ct. 1127, 113 L. Ed. 2d 51 (1991)).

■ Having identified the elements Joseph must prove, we move on to determining which allegations, if any, are merely conclusions that do not receive the assumption of truth. *See Santiago*, at 131. In his complaint, Joseph alleged that he was "misrepresented in matters of such alleged Stipulation Agreement" and that he had been reinstated to his current employment with the BOC "on the premise of a said alleged Stipulated Agreement (dated 12/28/2007) arbitrarily entered into between the Seafarers International Union (allegedly) on behalf of Plaintiff, and the [BOC]." (Appellee's App. 14 (emphasis omitted).) Joseph failed to plead any facts which show what the Union did that caused its representation to be "arbitrary" or to establish in what way he was "misrepresented," relying instead on blanket assertions and unsupported conclusions. We are required to reject conclusions and demand factual allegations that would, if true, permit us to infer a plausible right to relief. *See Iqbal*, 129 S.Ct. at 1950 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Therefore, we reject those allegations and do not give them any assumption of truth.

655

██ ██ Having rejected those conclusory allegations, we must now give the remaining allegations the assumption of truth and determine if those allegations state a plausible claim for relief. *Santiago*, at 131. Without the conclusory allegations rejected above, the complaint provides no other allegations as to the arbitrary or discriminatory actions of the Union. Joseph has, therefore, failed to allege sufficient factual material to permit us to reasonably infer an element of his claim for the breach of the duty of fair representation. Therefore, Joseph's complaint fails to "raise a right to relief above the speculative level", and we must hold that dismissal for failure to state a claim based on 12(b)(6), despite the Superior Court's failure to identify the hybrid cause of action, was proper.[8] *See id.*

## IV. CONCLUSION

The Superior Court did not err in dismissing Joseph's complaint for failure to state a claim. The complaint's contempt claim failed to establish that a valid order existed to bind the BOC. Likewise, the complaint's hybrid claim failed to set out any facts that were more than merely conclusory labels to establish the breach of the duty of fair representation. For these reasons, the Superior Court's order dismissing the complaint for failure to state a claim will be affirmed.

---

[8] Because we find that Joseph has failed to plead sufficient facts to establish the breach of fair representation half of the hybrid claim, we need not address whether he pled sufficient facts to establish a breach of contract. *See Gomez*, 882 F.2d at 737 (must show both to avoid dismissal of entire claim).